OPINION
Troy Lee Sterling appeals his conviction and sentence in the Muskingum County Court on one count of domestic violence, in violation of R.C. 2919.25(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
On October 30, 1997, the Muskingum County Sheriff's Department received a 911 call from appellant and Michelle Sterling, appellant's ex-wife. Michelle Sterling told the police she went to appellant's home to drop off Chancey Sterling, appellant and Michelle's son, after a night of "trick or treating". Appellant had been drinking. He refused to allow Michelle to leave his driveway, and threatened to kill Michelle's new boyfriend. The incident reached its apogee when appellant dragged Michelle by her hair out of her vehicle and struck her on the head approximately four times with his fist. When the sheriff arrived, he noticed redness and a lump on Michelle's forehead.
On October 31, 1998, appellant was charged with domestic violence. At his arraignment on November 31, 1997, appellant pled not guilty to said charge. A trial was scheduled for January 22, 1998. On the day of trial, appellant filed a motion for a trial by jury. The trial court denied appellant's motion and commenced a bench trial. After hearing testimony and considering the evidence, the trial court found appellant guilty of domestic violence. The trial court sentenced appellant to sixty days in the Muskingum County Jail. This sentence has been served.
It is from this conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. ABUSE OF DISCRETION: BLACKS LAW DICTIONARY, 5TH ED., P. 10, ABUSE OF DISCRETION IS SYNONYMOUS WITH A FAILURE TO EXERCISE A SOUND, REASONABLE, AND LEGAL DISCRETION. ABUSE OF DISCRETION IS ALSO ANY UNREASONABLE, UNCONSCIONABLE AND ARBITRARY ACTION TAKEN WITHOUT PROPER CONSIDERATION OF FACTS AND LAW PERTAINING TO MATTER SUBMITTED. IN THIS CASE THE LOWER COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE FACTS AND LAW PRESENTED REGARDING (1) THE AUTHORITY OF THE LOWER COURT TO PROCEED AGAINST APPELLANT WITHOUT HAVING SUBJECT MATTER JURISDICTION, AND (2) THE FIDUCIARY DUTY OF THE JUDGE TO PROTECT THE UNALIENABLE RIGHTS OF THE PEOPLE.
 II. DENIAL OF DUE PROCESS: ACCORDING TO BLACK'S LAW DICTIONARY, 5TH ED., P 449, DUE PROCESS MEANS THAT NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY OR ANY RIGHT GRANTED HIM BY STATUTE, UNLESS MATTER INVOLVED SHALL FIRST HAVE BEEN ADJUDICATED AGAINST HIM UPON TRIAL CONDUCTED ACCORDING TO ESTABLISHED RULES REGARDING JUDICIAL PROCEEDINGS, AND IT FORBIDS CONDEMNATION WITHOUT A HEARING. DUE PROCESS MEANS A LAW WHICH HEARS BEFORE IT CONDEMNS, WHICH PROCEEDS ON INQUIRY AND RENDERS JUDGMENT ONLY AFTER TRIAL. IN ANY QUESTION OF FACT OR LIABILITY BE CONCLUSIVELY PRESUMED AGAINST ANYONE, IT IS NOT DUE PROCESS OF LAW. THE RECORD IN THIS CASE SHOWS THAT THERE WAS NO PROOF OF SUBJECT MATTER JURISDICTION BY THE PROSECUTION EVEN THOUGH PROPERLY CHALLENGED BY APPELLANT AND MANY QUESTIONS OF FACT OR LIABILITY WERE CONCLUSIVELY PRESUMED AGAINST APPELLANT. ADDITIONALLY APPELLANT WAS DENIED A TRIAL BY A JURY OF HIS PEERS.
 III. MALICIOUS PROSECUTION: BLACKS'S LAW DICTIONARY DEFINES MALICIOUS PROSECUTION AS "ONE BEGUN IN MALICE WITHOUT PROBABLE CAUSE TO BELIEVE THE CHARGES CAN BE SUSTAINED." THIS CASE WAS BEGUN IN MALICE BY THE MUSKINGUM COUNTY PROSECUTOR'S OFFICE. AFTER HEARING THE TESTIMONY OF TROY LEE STERLING'S SON, WHO WAS PRESENT AT AND WITNESSED THE INCIDENT CAUSING THIS CASE, THE PROSECUTOR'S OFFICE HAD NO PROBABLE CAUSE TO PROCEED; HOWEVER, BY DENYING SAID TESTIMONY FROM BEING HEARD BEFORE A JURY AND BY HAVING THE CASE PRELIMINARILY DECIDED BY THE JUDGE, THERE COULD HAVE BEEN NOTHING BUT MALICE AFORETHOUGHT FOR THE PROSECUTOR TO PROCEED.
 IV. FRAUD: BLACK'S DEFINES FRAUD AS "A FALSE REPRESENTATION OF A MATTER OF FACT, WHETHER BY WORDS OR BY CONDUCT, BY FALSE OR MISLEADING ALLEGATIONS, OR BY CONCEALMENT OF THAT WHICH SHOULD HAVE BEEN DISCLOSED, WHICH DECEIVES AND IS INTENDED TO DECEIVE ANOTHER SO THAT HE SHALL ACT UPON IT TO HIS LEGAL INJURY".
 I
Appellant's first argument is that the trial court abused its discretion in proceeding against him because the statutes under which he was charged do not contain enacting clauses as required by Section 15(B), Article II, Ohio Constitution. Appellant contends, without the required enacting clauses, the statutes are void; therefore, the trial court lacked subject matter jurisdiction.
The current version of R.C. 2919.20 resulted from the enactment of House Bill 835, effective March 27, 1979. As enacted by the Ohio State Legislature, the above stated Bill contains the words, "Be it enacted by the General Assembly of the State of Ohio". The law under which appellant was charged contains an enacting clause; therefore, it comports with the requirements of the Constitution of the State of Ohio and is binding upon appellant.
Appellant further contends the statute at issue is invalid because it does not have a title. A review of House Bill 835 reveals the existence of a title.[1] The title is specific and addresses only one subject. The title clearly conveys the subject matter of the Bill, thereby informing the public of the actions of the legislature and rendering the legislature accountable for the law which they have made.
Finally, appellant maintains the Ohio Revised Code is of unknown and uncertain origin. The Ohio Revised Code is a compilation of existing statutes. The General Assembly passed the entire code in House Bill 1, effective October 1, 1953. The code was properly enacted and signed into law and is neither an unknown nor uncertain authority.
Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he contends the trial court erred by denying him a trial by a jury of his peers.
Crim.R. 23(A) provides specific procedures whereby a defendant may obtain a trial by jury. Crim R. 23(A) states, in pertinent part:
 * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.
(Emphasis added).
In the instant case, appellant did not request a trial by jury until the date of his trial, January 22, 1998. By failing to request a jury trial in writing at least ten days prior to the date of his trial, appellant waived his right to a trial by jury.
Appellant's second assignment of error is overruled.
 III
In appellant's third assignment of error, he asserts the prosecution maliciously proceeded against him with no probable cause after his eleven year old son provided exculpatory testimony.
Essentially, appellant argues his conviction was against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing, State v. Martin
(1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1.
Upon review of the record in the instant case, we do not find the trial court's verdict was against the manifest weight of the evidence. The credibility of Chancey Sterling's testimony was for the trier of fact to weigh, and did not necessarily exculpate appellant. We do not disagree with the decision of the trial court. Because appellant's conviction was not against the weight of the evidence, we find the prosecutor's decision to proceed against appellant was reasonable and not malicious.
Appellant's third assignment of error is overruled.
 IV
In appellant's fourth assignment of error, he argues the prosecutor committed fraud by proceeding against him under R.C.2919.20 when the Revised Code is not a valid source of law.
For the reasons stated supra, appellant's fourth assignment of error is overruled.
The judgment of the Muskingum County Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court is affirmed. Costs assessed to appellant.
[1] To amend sections 109.73, 109.77, 737.11, 1901.18,1901.19, 1909.02, and 2935.03 and to enact sections 2919.25,2919.26, 2933.16, 3113.31, and 3113.32 of the Revised Code relative to domestic violence against family or household members, providing for remedies and procedures in such cases, creating the criminal offense of domestic violence, requiring peace officer training to handle domestic dispute problems, and mandating for a four-year period the reporting by law enforcement agencies of incidents of domestic violence to the Bureau of Criminal identification [sic] and Investigation and to repeal section3113.32 of the Revised Code four years after the effective date of this act unless reenacted by subsequent legislation.